CARTER-MONTGOMERIE & COMPANY, Appellants, v. STEELE & BROWN, Defendants, E. C. STEELE, Respondent.

**St. Louis Court of Appeals, February 13, 1900.**

1. **Suit on Promissory Note: PARTNERSHIP NAME SIGNED BY ONE OF THE PARTNERSHIP.** The instruction of the court at the conclusion of the evidence in effect "that if Steele did not authorize Brown to sign the note by the partnership name, and did not thereafter ratify it, he was not bound by it," was under the evidence erroneous.

2. ———: **COMMERCIAL PARTNERSHIP: POWER OF ONE PARTNER.** The execution of a promissory note by one of a partnership engaged in buying and selling and formed for that purpose, is equally binding on all the members of such partnership.

3. ———: ———: **FAILURE TO INSTRUCT.** The court should have declared under the evidence that the partnership was a commercial one as a matter of law, and for failure to so declare, judgment is reversed and cause remanded with directions to the trial court to enter up judgment for the balance due on the note.

Appeal from the Wright Circuit Court.—*Hon. Argus Cox,* Judge.

REVERSED AND REMANDED (*with directions*).

*F. M. Mansfield* for appellant.

(1) The defendants at the time of the execution of the note sued on were a trading partnership engaged in buying timber, manufacturing and selling lumber, buying grain, manufacturing and selling meal and flour. A trading partnership is one engaged in a business that according to the usual mode of conducting it, imports in its nature the necessity of buying and selling. Holt v. Simmons, 16 Mo. App. 97; Kimbro v. Bullett, 22 How. (U. S.) 256; Winship v. Bank, 5 Res. 529. (2) Partnerships formed for the following pur-

poses have been held to be trading firms.   Wholesale Lumber Dealers, Feurt v. Brown, 23 Mo. App. 332; Dealing in Cattle, Smith v. Collins, 115 Mass. 388; Dealing in Hogs and Meat, Gano v. Samuel, 14 Ohio, 592; Buying and Selling Lumber and running Saw Mill, Coply v. Lawhead, 11 La. 615; Running Farm and Steam Saw Mill, Kimbro v. Bullitt, 22 How. (U. S.) 256; Manufacture and sale of soap and candles, Winship v. Bank, 5 Pet. (U. S.) 529; Pork Packing, Beninger v. Hess, 4 Ohio St. 64; Keeping livery stable, Hickman v. Kunkle, 27 Mo. 401.   (3) The defendant Brown being the active managing partner of the firm, intrusted with the sole management and control of the partnership business, had authority to bind the firm by note in settlement of the firm debts.   Hayder v. Crow, 79 Mo. 293; Morse v. Richman, 97 Ill. 303; Smul v. Dennison, 101 Ill. 531; Johnson v. Bemheim, 86 N. C. 339; Bank v. Alberger, 101 N. Y. 202; Van Bumb v. Mather, 48 Iowa, 503.   (4) The declaration of law given by the court at the request of the respondent is not the law of this case, it is predicated upon an erroneous theory, i. e., that a partnership engaged in the milling business is a matter of law a nontrading firm.   It ignores material issues of facts made by the evidence, viz., that Brown was the managing partner and had the management and control of the firm business, and was acting within the scope, and for the benefit of the firm at the time he contracted the debt for which the note was given, that the respondent had availed himself of the benefit of the note.   Welsh v. Edmisson, 46 Mo. App. 282; Iron Mt. Bank v. Murdock, 12 Mo. 270; Ellis v. McPike, 50 Mo. 574.

*J. W. Jackson, Wm. O. Mead* and *T. T. Loy* for respondent.

(1) The firm of Steele & Brown was a partnership entered into for the purpose of conducting a milling business,

and was a nontrading partnership, and Brown one of such partners had no power to execute a promissory note in the name of such partnership which will bind Steele. It is without the scope of the partnership. Third Nat. Bank v. Snyder, 10 Mo. App. 211; Deardorf v. Thacher, 78 Mo. 128. (2) There is no evidence tending to prove a custom of Steele & Brown to make accounts or notes, of which Steele had any knowledge, nor is there any testimony tending to prove a custom among milling firms elsewhere of running accounts, or of one partner issuing commercial paper in the ordinary course of their business.

BLAND, P. J.—Suit was commenced before a justice of the peace on the following promissory note:
"Dolls. $97.00.                              May 12, 1891.

One day after date we promise to pay to the order of Carter-Montgomerie & Co. Ninety-seven dollars, at Hartville, Mo., for value received, negotiable and payable without defalcation or discount, and with interest from date at the rate of ten per cent per annum, and if the interest be not paid annually, to become as principal and bear the same rate of interest.

Steele & Brown."

The note was credited with a payment of $31.37 in lumber. The cause was taken by appeal to the circuit court, where it was tried by the court sitting as a jury. The testimony was that Steele and Brown were partners in the milling business at Hartville, Missouri, and that they bought wheat, corn and saw logs, manufactured meal and flour, and also lumber for sale; that Brown was the general manager of the business of the partnership; that he hired and discharged hands, bought grain, logs, etc., and had the general charge of the business of the firm; that plaintiffs were engaged in the general merchandise business in the same town (Hartville);

that Brown for the firm bought corn and wheat from the plaintiffs, to be manufactured into meal and flour at the mill, and that he also gave orders on plaintiffs in payment of wages due mill hands, which were accepted and paid by plaintiffs, and that plaintiffs bought lumber and other products of the mill from defendants. On a settlement of these mutual accounts made between plaintiffs and Brown, acting for the mill firm, it was ascertained that there was a balance of $97 due plaintiffs; for this balance the note in suit was executed by Brown acting for and in the name of the firm of Steele & Brown. Steele made and filed his affidavit denying the execution of the note by himself and the authority of Brown to sign the firm name to it. The court at the conclusion of the evidence declared the law to be, in effect, that if Steele did not authorize Brown to sign the note in the name of the firm, and did not thereafter ratify it, he was not bound by it, found the issues for defendant, and entered judgment accordingly; from this judgment the plaintiffs appealed.

The correctness of the declaration of law given by the court depends upon the character of the partnership. If it was a nontrading concern, the instruction may according to some of the authorities be sustained. Deardorf v. Thacher, 78 Mo. 128. If on the other hand it was a commercial partnership, the instruction according to all the authorities was erroneous. That the partnership was a commercial one, admits of no doubt, in view of all the evidence. It bought logs, wheat and corn and manufactured them into lumber, flour and meal, and sold these products. It was engaged in the business of buying and selling personal property and selling it in a changed condition. Commerce is carried on by buying and selling. The fact that the articles are changed by being manufactured into something else, does not alter the fact— that does not change the commercial character of the transactions. Kimbro v. Bullett, 63 U. S. .(22 How.)

256; Coply v. Lawhead, 11 La. Ann. 615; Smith v. Collins, 115 Mass. 388; Winship v. Bank, 5 Pet. 256; Beminger v. Hess, 4 Ohio St. —. Where the evidence is conflicting as to the objects of a partnership or of its recognized course of dealing, it may be a question for the jury to say, under proper instructions, whether it is a trading or nontrading concern. But where the evidence is all one way, that it is a trading partnership formed for the purpose of buying and selling, there is no question as to its character to be submitted to a jury, or *vice versa*, where all the evidence is that it is a nontrading partnership, it becomes the duty of the court to declare as a matter of law, that it is or is not a commercial partnership. The court should have declared the law in this case, that the partnership was a commercial one, as all the evidence was that it was engaged in buying and selling. For failure to so declare the law, the judgment is reversed; and since there is no evidence which tends in the remotest degree to contradict the evidence that it was a trading concern, or that the note was given for a partnership debt, the cause will be remanded, with directions to the trial court to enter judgment for the balance due on the note. All concur.