## ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1910.

*(Continued from Volume 153)*

## STATE OF MISSOURI, Respondent, v. MARTIN J. FALGER, Appellant.

### St. Louis Court of Appeals, December 30, 1910.

CRIMES AND PUNISHMENTS: Criminal Practice: Witnesses: Incompetency of Co-defendant. Under section 5241, Revised Statutes 1909, providing that when two or more are jointly prosecuted, the court may at any time before defendants have gone into their defense direct any defendant to be discharged, that he may be a witness for the state, one co-defendant may not testify for the state against the other, unless he is first discharged by a *nolle prosequi* or judgment of acquittal; so that one jointly charged with accused and who had not been herself discharged was not competent to testify for the state at the instance of the state's attorney, under the guise of taking the stand to testify for herself.

Appeal from St. Louis Court of Criminal Correction. —*Hon. Wilson A. Taylor*, Judge.

REVERSED AND REMANDED.

154 App.]　　　　　　　( 1 )

*Zachritz & Bass* for appellant.

The co-defendant was incompetent as witness against appellant. Her testimony against her co-defendant should have been excluded; nor was it admissible as rebuttal testimony. 2 R. S. 1909, sec. 5241; State v. Chyo Chiagk, 92 Mo. 395.

*Philips W. Moss* for respondent.

NORTONI, J.—This is an appeal from a judgment of conviction under which defendant was sentenced to six months in the workhouse. The appeal is by defendant Falger alone, for although his co-defendant, Schultz, was convicted and a fine of one hundred dollars assessed against her, she omitted to appeal.

Defendant, Martin J. Falger, was informed against jointly with one, Myrtle Schultz, by the prosecuting attorney, under the second clause of section 2175, Revised Statutes 1899, section 2175, An. St. 1906, section 4729, Revised Statutes 1909, for unlawfully, lewdly and lasciviously abiding and cohabiting with each other. It is averred in the information that one of the defendants therein named, Falger, was then a married man and that the two defendants were not married to each other. The defendants pleaded not guilty and were tried jointly. The evidence for the state tends to prove defendant Falger was a married man and had been for some ten years, and that his wife resided in the city of St. Louis, but notwithstanding he had been cohabiting with his co-defendant, Myrtle Schultz, at 12A South Twenty-second street for two or three years. It appears defendant Falger and his co-defendant, Schultz, kept house there and lived as man and wife.

For defendant, the testimony tended to prove that for more than one year prior to the date of the offense

charged, defendant Falger had abandoned his co-defendant, Schultz, if they were ever on intimate terms, and had resided some place on Olive street, where he boarded. Several witnesses testified for him to the effect that he had boarded at the place on Olive street for more than a year before the date of the offense charged. The purpose of the testimony referred to was no doubt to the end of showing that though the court believed he had cohabited with his co-defendant, Schultz, theretofore, no offense had been committed during the period of the Statute of Limitations.

Though the two defendants were tried jointly, it appears but one was represented by counsel—that is to say, the appellant, defendant, Martin J. Falger, appeared both in person and by counsel and contested the issue. His co-defendant in the trial court, though present and tried at the same time, had no attorney. After the evidence on the part of defendant Falger had been fully introduced and counsel announced his defense as closed, it appears the court inquired of defendant Myrtle Schultz if she desired to take the stand. Upon the inquiry being made, defendant Schultz became a witness under the guise, we believe, of appearing in her own behalf, but in truth and in fact she served the purpose of a witness giving testimony as in chief for the state against her co-defendant Falger and this, too, when no other testimony on behalf of the state should have been received save that in rebuttal. Counsel for defendant, Martin J. Falger, objected to the action of the court in permitting the co-defendant, Schultz, to testify against him, but the objection was overruled and exception saved and the testimony referred to received. On overruling the objection, the court remarked that defendant Schultz could testify in her own behalf, which, of course, is true, but nevertheless permitted her to proceed and give testimony against her co-defendant only.

It is argued here that the action of the court in the circumstances stated infringed the rights of defendant Falger, who prosecutes this appeal, and we believe the argument is sound, indeed; for, though his co-defendant, Schultz, assumed the witness stand under the guise of speaking in her own behalf, it is obvious the sole purpose was to give testimony against Falger, which was not competent under the law, as a witness for the state. Under the established rule of decision in this state, as well as perforce of the statute, construed in State v. Chyo Chiagk, 92 Mo. 395, 4 S. W. 704, one co-defendant may not give testimony against another co-defendant in a criminal proceeding at the instance of the state unless the co-defendant offering the testimony is first released or discharged of the joint charge by *nolle prosequi* or judgment of acquittal. [See our statute, section 5241, Revised Statutes 1909, as construed by the Supreme Court in the case above cited.] The co-defendant, Myrtle Schultz, was wholly incompetent to testify against defendant Falger at the time for the reason she herself had not been discharged from the offense alleged. Though she was a competent witness in her own behalf, no one can doubt her incompetency to testify against her co-defendant, had she been produced as a witness for the state in chief, and if nothing more appeared upon her taking the stand in her own behalf than that she may have proved an unfavorable witness as to the rights of Falger, we would not feel inclined to reverse the judgment therefor. But a scrutiny of the record discloses that this witness assumed the stand, not in her own defense, but for the purpose of testifying against Falger merely, under the guise of speaking as to her own right. It appears, too, that in this matter she was aided by the attorney representing the state. As illustrative, we copy the following excerpt from the record, which incorporates all of the testi-

mony given by the co-defendant, Schultz, under the guise of testifying in her own behalf; this testimony follows next after the close of the defense made by defendant Falger:

"By the Court: (Addressing defendant Myrtle Schultz). Do you want to take the stand?

By Prosecuting Attorney: Just take that seat there.

Myrtle Schultz alias Falger, having been heretofore duly sworn to tell the truth the whole truth and nothing but the truth, testified as follows; being one of the defendants:

DIRECT EXAMINATION.

Questions by Prosecuting Attorney:

Q. What is your name, Madam? A. Myrtle Falger.

Q. How long have you gone by that name? A. Eight years.

Q. During the past year have you lived with this man as his wife—with Martin Falger, the defendant here? A. Yes, sir.

By Judge Bass: I object to her testifying against the co-defendant.

By the Court: She has a right to testify in her own behalf.

By Prosecuting Attorney: Did you live with him as his wife? A. Yes, sir.

By Judge Bass: I object to her testifying as against this defendant, and I except to the ruling of, the court.

By Prosecuting Attorney: That is all I care to ask."

Though this witness went upon the stand to speak in her own behalf, as suggested, it appears she directed her entire testimony against her co-defendant, and this, too, on questions propounded by the prosecuting attorney as if he were her counsel. Nothing to be found

in other parts of her testimony even suggest that she was performing the office of defending her own right at the trial. It is obvious that the whole matter was but a piece of legal legerdemain which may not be condoned by a court charged with the duty of reviewing the rights of persons and preventing their infringement under the law. When the purpose was so obvious to indirectly supply testimony against defendant Falger, which is incompetent under the rule of decision and statute referred to, the court should exclude it on objection even though it is sought to be introduced on the pretext above pointed out. For this error the judgment will be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.*, and *Caulfield, J.*, concur.