CORDELIA GILMORE, Appellant, v. MODERN BROTHERHOOD OF AMERICA, Respondent.

Springfield Court of Appeals, December 12, 1914.

1. **PLEADINGS: Insurance: Review of Pleadings.** Action by beneficiary on beneficiary certificate of insurance. Pleadings reviewed.

2. **INSURANCE: Fraternal Benefit Societies: License: Certified Copy or Duplicate: Evidence.** A duly certified copy or duplicate of its license is prima-facie evidence that the license is a fraternal benefit society. (Laws 1911, p. 290, sec. 16.) And there being no contradictory evidence this is sufficient to bring such licensee within the provisions of the law relating to fraternal beneficiary societies.

3. **INSURANCE: Fraternal Benefit Societies: Initiation Prerequisite to Membership.** Initiation is a condition precedent to membership in fraternal beneficiary associations.

4. **EVIDENCE: Fraternal Benefit Societies: Custom of Local Lodge.** Action on beneficiary certificate, the defense being that the certificate was delivered to the insured but that he was never initiated, adopted or admitted as a member as was required by the by-laws as a condition precedent to membership. Evidence was offered of a custom of the local lodge not to exact this condition. There was no error in excluding such evidence where there was no offer to show the number of certificates that

had been thus delivered or that such a course had been pursued by the local lodge so long that the supreme lodge must necessarily have known of it.

5. ————: ————: **Provisions of By-laws as to Initiation.** Action on beneficiary certificate, the defense being that it was delivered without the insured having been initiated, such initiation being necessary under defendant's by-laws. The by-laws on this point were properly admitted in evidence, being authorized by Laws 1911, p. 292, sec. 22, prohibiting a waiver by subordinate officers of such a provision for initiation.

6. **INSURANCE: Fraternal Benefit Societies: Initiation: Evidence.** Action on a beneficiary certificate of insurance, defended on the ground that the certificate had been delivered but that the insured had never been initiated, as required by the by-laws of the association as a condition precedent to membership. Evidence on the issue of such initiation examined and considered insufficient to go to the jury.

7. **EVIDENCE: Prima-facie Evidence: Definition.** Prima-facie evidence means evidence which is sufficient to establish a fact unless rebutted.

8. ————: **Prima-facie Case: Definition.** A prima-facie case is one which is, in the absence of explanation or contradiction, an apparent case sufficient in the eyes of the law to establish the fact and if not rebutted, remains sufficient for that purpose.

9. **VERDICT: Directing: When Trial Court Should Direct Verdict.** It is as much the duty of the trial court to direct a verdict for the defendant where the undisputed facts show no liability to have been incurred as it is to submit the case to the jury where the evidence is conflicting.

10. **INSURANCE: Fraternal Benefit Societies: Certificates: Presumptions as to Possession.** Where there is no contradictory evidence it is presumed that a beneficiary certificate was regularly deposited in proper hands. But such presumption will not be permitted to contradict the plain, uncontroverted facts as to how it got into the hands of the individual.

Appeal from Dunklin County Circuit Court.—*Hon. W. S. C. Walker,* Judge.

AFFIRMED.

*Bradley & McKay* for appellant.

(1) When appellant proved the death of David Gilmore, the denial of liability on the part of the re-

spondent, and offered the certificate sued on, she established a prima-facie case which entitled her to a verdict. Mulroy v. Knights of Honor, 28 Mo. App. 463; Keily v. Knights of Father Matthew, .162 S. W. 682; Forse v. Knights of Honor, 41 Mo. App. 117; Chadwick v. Order Triple Alliance, 56 Mo. App. 474; McComas v. Life Ins. Co., 56 Mo. 573; Rippstein v. Life Ins. Co., 57 Mo. 87; Cauveren v. Ancient Order of Pyramids, 98 Mo. App. 433. (2) The court committed error in permitting a copy of the purported by-laws to be offered in evidence (Rec. Page 82) without proper authentication, and this cause ought to be reversed and remanded with directions to enter judgment for appellant. Thompson v. Royal Neighbors, 154 Mo. App. 121. (3) The court erred in not permitting plaintiff to prove that it had been the custom of the local lodge to not exact initiation, obligation and adoption into its order before delivering policies to its members as required by section 120 of the by-laws of said order and that such conduct had been permitted on the part of the local lodge to continue for such length of time as to have necessarily been known to the Supreme lodge which was competent on the question of whether or not the defendant by its acts was estopped to deny its liability under the policy sued on herein. Shartle v. M. B. A., 139 Mo. App. 433; Thompson v. Royal Neighbors, 154 Mo. App. 109. (4) Respondent's only defense was failure to initiate, adopt and obligate deceased on the part of the local lodge and in order to assert such defense it had to show by the burden of evidence that it comes within the provisions of the law governing fraternal beneficiary associations, which it wholly failed to do. Thompson v. Royal Neighbors, 154 Mo. App. 109. (5) This cause ought to have gone to the jury, if the court should hold that respondent by proper evidence brought itself within the provisions of law governing fraternal beneficiary associations, but if not then the court should have directed a verdict for

the appellant. Keily v. Knights of Father Matthew, 162 S. W. 682; Thompson v. Royal Neighbors, 154 Mo. 109.

*Ely, Pankey & Ely* and *Sparrow* and *Page* for respondent.

(1) Respondent showed itself to be a fraternal benefit society, and that Gilmore had never been initiated. He never, therefore, became a member of the society. Without membership, there could be no contract of insurance with him. Hiatt v. Fraternal Home, 99 Mo. App. 105; Loyd v. M. W. A., 113 Mo. App. 19; Shartle v. M. B. A., 139 Mo. App. 433; Porter v. Loyal Americans of the Rep., 180 Mo. App. 538, 167 S. W. 578; Driscall v. M. B. A., 77 Neb. 282, 109 N. W. 158; Loudon v. M. B. A. (Minn.), 119 N. W. 425; Matkin v. Sup. Lodge, 82 Tex. 301, 18 S. W. 306; Harrison v. Sup. Council, 129 Ia. 303, 105 N. W. 580; Loyal Legion v. Richardson, 76 Neb. 562, 107 N. W. 795; Bacon on Benefit Societies, 3 Ed., Par. 273-A; Brittenham v. W. O. W., 167 S. W. 587. (2) The evidence was uncontroverted. No question as to the credibility of the witnesses was raised. It was, therefore, the duty of the court to declare the evidence of the testimony as a matter of law. Gee v. Drug Co., 105 Mo. App. 27, 34; Carter-Montgomerie v. Steel, 83 Mo. App. 211, at 215; Hendley v. Globe Refinery Co., 106 Mo. App. 20, at 27; Powell v. Railway Co., 76 Mo. 80, at 83. (3) The judgment is manifestly for the right party. This being true, it should be affirmed, regardless of any error, if any there was, committed by the trial court. Cass v. Bank of Harrisonville, 157 Mo. 133, at 137; Foster v. Railroad, 112 Mo. App. 67; Walker Bros. v. Railroad, 68 Mo. App. 465, at 483; State ex rel. v. Smith, 141 Mo. 1, at 9; Albert Grocery Co. v. Grossman, 100 Mo. App. 338; State ex rel. v. Jones, 131 Mo. 194.

FARRINGTON, J.—This is an action by the widow of David Gilmore on a beneficiary certificate for the sum of $1000 in which her husband was the assured and she was named the beneficiary. The certificate was issued on November 20, 1912, and was delivered by the secretary of the local lodge of the Modern Brotherhood of America at Cardwell, Mo., either on December 4th or December 14th, 1912, at which time the proper amount was paid by the assured to the secretary of the local lodge. David Gilmore died on January 5, 1913, from the ravages of pneumonia. The Supreme Lodge declined to furnish blanks on which proof of his death could be made and instructed the secretary of the local lodge to return to the widow the two assessments which Gilmore had paid him (one was paid on January 4th, the day before Gilmore died). She refused to accept them, and brought this suit. To defeat the action the Supreme Lodge alleged in its answer that deceased had never been initiated, adopted or admitted into the society as a member thereof, having first alleged that it is and was at all times mentioned in plaintiff's petition a fraternal benefit society organized and incorporated under and by virtue of the laws of the State of Iowa, "that it is without capital stock, and was formed and organized and is carried on solely for the mutual benefit of its members and their beneficiaries, and not for profit. That it has a lodge system, with ritualistic form of work and representative form of government, and makes provision for the payment of benefits in event of the death or disability of its members. That as such fraternal benefit society it has, and had at all times mentioned in plaintiff's petition, complied with all the laws of the State of Missouri, relating to such societies, and at said times was engaged in transacting the business of such society in said State of Missouri by authority of, and in compliance with, the law of said State." The

answer then proceeds to set forth provisions appearing in the application, the certificate and the by-laws of the society concerning the necessity of initiation to constitute an applicant a member. The reply was a general denial coupled with a plea that defendant by its acts and conduct had waived its right to rely on failure to initiate and a plea of estoppel. At the close of all the evidence the court directed a verdict for the society and plaintiff appealed.

Appellant contends that respondent did not offer sufficient evidence to bring itself within the provisions of our law relating to fraternal beneficiary associations, citing Thompson v. Royal Neighbors, 154 Mo. App. l. c. 121, 133 S. W. 146.

Since the decision in that case the law as to fraternal beneficiary associations has been changed. [Laws 1911, pp. 284 to 301.] Section 16 of the law as it now stands (Laws 1911, p. 290) provides: ''A duly certified copy or duplicate of such license shall be prima-facie evidence that the licensee is a fraternal benefit society within the meaning of this act,'' the ''license'' referred to being one obtained by such associations from the superintendent of the insurance department of the State. This is the first time that provision has come before the appellate courts of this State since its enactment. Respondent complied with that law and at the trial introduced in evidence a certified copy of its license to do business in Missouri as such society. There was no attempt to overcome this prima-facie showing; hence it was sufficient. However, respondent went further and introduced in evidence a certified copy of its articles of incorporation showing that it was organized as ''a fraternal beneficiary society for the sole benefit of its members and not for profit;'' that it has a ''lodge system, with ritualistic form of work and representative form of government;'' that provision is made ''for the payment of benefits in case of death;'' and that ''the fund from

which the payment of such benefits shall be made, and the expense of said fraternity defrayed shall be derived from beneficiary calls, assessments and dues collected from its members." [See Westerman v. Supreme Lodge K. of P., 196 Mo. l. c. 701, 702, 94 S. W. 470.] Respondent also introduced in evidence the laws of Iowa under which it was organized.

Appellant contends that the judgment should be reversed and the cause remanded with directions to enter judgment for her because the court erred in admitting in evidence a copy of the purported by-laws of the society without proper authentication. It is unnecessary to discuss this question. Gilmore, in his application which became a part of his certificate, agreed as follows: "I waive for myself and beneficiary any all rights to any benefit under this application, or any benefit certificate issued thereon, until . . . I shall have been regularly adopted or initiated in accordance with the ritual of said society, . . . and said benefit certificate shall have been issued in pursuance of this application and delivered to me, after adoption or initiation, . . ." There is no contention that Gilmore was ever initiated and it is shown that he was never in the lodge room.

The authorities agree that initiation is a condition precedent to membership in such associations. [Porter v. Loyal Americans, 180 Mo. App. 538, 167 S. W. 578, and cases cited.]

Appellant contends that the court erred in not permitting her to prove that it had been the custom of the local lodge to not exact initiation and that such conduct had been continued on the part of the local lodge for such a length of time as to have necessarily been known to the Supreme Lodge and that such evidence was competent on the question of whether or not the defendant by its acts was estopped to deny liability. On cross-examination of defendant's witness Jones, secretary of the local lodge, it developed that

during the year he had been secretary but one person (besides Gilmore) had applied for membership. Jones testified that he delivered the certificate to that applicant on November 19, 1912, and that the books of the local lodge showed he was initiated on February 15, 1913. He testified that he left the impression on that applicant as well as on Gilmore when he delivered their certificates that they would be in force whether they were initiated or not. Plaintiff in rebuttal called as a witness a man who had served five years as secretary of this local lodge and offered to show that during that period he had "delivered a number of policies to members without their obligation, adoption or initiation." The objection to this offer was sustained and exception saved. There was no offer to show what "number" of certificates had been thus delivered or that such a course of dealing had been carried on by this local lodge so as to have necessarily been known to the Supreme Lodge. Moreover, there was no offer to show that Gilmore knew that certificates had ever been delivered without initiation. He told his wife that he was to be initiated. None of respondent's supreme officers knew that Gilmore had not been initiated. They were informed that he had been initiated. Section 22 of the Act of 1911 (Laws 1911, p. 292) provides that the constitution and laws of the society may provide that no subordinate body, nor any of the subordinate officers or members, shall have the power or authority to waive any of the provisions of the laws and constitution of the society, and respondent's by-laws (which we think were properly admitted in evidence) did contain such a provision as to subordinate officers and did require initiation as a condition precedent to membership.

Appellant insists that the court erred in directing a verdict for the defendant because she contends that on the question of whether or not Gilmore was ini-

tiated she had sufficient proof of that —made by her prima-facie case —to take the question to the jury.

The proof that appellant had was simply the possession of the certificate sued on and the fact that it was delivered to Gilmore on December 14, 1912. Besides this, the secretary of the local lodge had reported on either the 14th or 15th of December, 1912, to the Supreme Lodge that the certificate had been delivered and that Gilmore had been "adopted." In a subsequent report sent in by him in January after Gilmore's death, being a report of the lodge for the month of December, Gilmore's name is shown as having been "adopted" on December 14, 1912. The plaintiff testified that her husband told her he was to be initiated, but she did not know whether he was initiated or not. This is all the evidence offered by plaintiff that she contends should have taken the case to the jury.

Jones, the secretary of the local lodge, was placed on the stand by the defendant and testified that he took the application of Gilmore and sent it in and that in due time the certificate was sent to him to be delivered to Gilmore under the rules and regulations of the society. As hereinbefore shown the by-laws require that before the certificate shall be binding on the Supreme Lodge the applicant must be "adopted, initiated and obligated." Whether these three words call for one and the same proceeding and form is not made very clear in the record as in some places in the certificate and by-laws the words are connected by the conjunctive "and," while in other places they are connected by the disjunctive "or." Jones testified that when the certificate was received by him from the Supreme Lodge, he, not having had much experience in handling and delivering certificates, was under the impression that the matter of initiation was left to the option of the local lodge and was not a requirement of the Supreme Lodge, and that he was further of the impression that when he delivered the certificate to the

applicant that was an "adoption." He testified that
acting under this belief he delivered the certificate and
led the applicant to believe that the insurance was in
force. He stated that the reports which he sent in
concerning this case were not made at any lodge meet-
ing but were made by him outside of the lodge room.
He also testified that no meeting of the local lodge was
held from the time this certificate was delivered to him
by the Supreme Lodge until after Gilmore's death.
He stated that he also reported the same facts as to
the "adoption" etc., with reference to one other mem-
ber to whom he had delivered a certificate without hav-
ing him first go through the initiation and take the
ritualistic work. Being the secretary of the local
lodge, he is the one person connected therewith above
all others who would be at any lodge meetings and
record the proceedings. His testimony stands uncon-
tradicted as plaintiff makes no attempt to show that
there was a meeting at which Gilmore could have been
initiated or that he ever went to the lodge room for
the purpose of being initiated or that there was ever
any entry made during a lodge meeting evidencing an
initiation. Plaintiff relies solely upon the presump-
tion raised by the possession of the certificate and the
reports made under the circumstances above detailed—
for plaintiff's prima-facie case was no more than a
presumption that the applicant had been initiated.
When that issue was raised by the answer and the
facts developed by positive, uncontradicted testimony
bearing no stamp of suspicion, nor any attempt on
the part of the plaintiff to show that such evidence
was untrue or improbable, and in no way attempted
to show any countervailing evidence or circumstance,
the presumption must of necessity submit to the facts.
As said in 22 Am. and Eng. Ency. Law, 1294: "A
prima-facie case is that which is received or continues
until the contrary is shown. Prima-facie evidence
means evidence which is sufficient to establish the fact

unless rebutted; evidence which standing alone and unexplained would maintain the proposition and warrant the conclusion to support which it is introduced.'' It is, in the absence of explanation or contradiction, an apparent case, sufficient in the eyes of the law to establish the fact, and, if not rebutted, remains sufficient for that purpose. [See, Smith v. Burrus, 106 Mo. l. c. 100, 16 S. W. 881; also Gilpin v. Railway Co., 197 Mo. l. c. 325, 94 S. W. 869.] Presumptions disappear in the light of actual facts. [Mockowik v. Railroad, 196 Mo. 550, 94 S. W. 256; Schaub v. Railroad, 133 Mo. App. l. c. 450, 113 S. W. 1163.]

It is as much the duty of a trial court to direct a verdict for the defendant where the undisputed facts show no liability to have been incurred as it is to submit the case to the jury where the evidence is conflicting. [Powell v. Railway Co., 76 Mo. l. c. 83; Gee v. Drug Co., 105 Mo. App. 27, 78 S. W. 288; Carter-Montgomerie & Co. v. Steele, 83 Mo. App. 211, 215; and May v. Crawford, 150 Mo. 527, 51 S. W. 693.]

The cases cited by appellant are cases where the question of whether an initiation took place or whether the applicant had never become a member of the society was not involved. In those cases it was admitted that the individual at one time had become a member and was regularly initiated and in good standing, but, through some fault had forfeited his membership. Those cases therefore deal with the forfeiture of a right conceded to have once existed. But in our case the vitality of the certificate is denied from its inception; there is a denial that a certificate on which liability could exist ever passed into the hands of any one having a right to it.

If the position contended for by appellant should be sustained, a certificate in the hands of a person who under uncontradicted evidence obtained it by theft would be some evidence upon which an issue could be put to the jury for them to possibly find that it had

been regularly issued and delivered. The presumption prevails, and should prevail as the decisions declare, that in the absence of evidence the certificate was regularly deposited in proper hands; but such presumption cannot be permitted by a court or jury to contradict the plain, uncontroverted facts as to how it got into the hands of the individual.

There is no proof whatever that the Supreme Lodge ever knew, prior to Gilmore's death, that he had not been initiated and obligated. Upon ascertaining this fact it immediately tendered the initiation fee and payments to the plaintiff which she refused to accept.

Finding no error, the judgment is affirmed. *Robertson, P. J.,* and *Sturgis, J.,* concur.