MARTHA PORTER et al., Appellants, v. LOYAL AMERICANS OF THE REPUBLIC, Respondent.

Springfield Court of Appeals, June 13, 1914.

1. **FRATERNAL BENEFICIAL ASSOCIATIONS: Initiation to Membership: Necessity of.** Where a fraternal beneficial association issues certificates on the life of certain persons to form a new lodge to be delivered after initiation and one of them who has paid his assessment dies before he is initiated and before the certificate is delivered, there is no liability on the certificate as the person never became a member of the association.

2. **APPELLATE PRACTICE: Conflicting Testimony: Finding of Trial Court: Conclusiveness.** The appellate court will not disturb the finding of the trial court on evidence which is conflicting.

3. **FRATERNAL BENEFICIARY ASSOCIATIONS: Waiver of Rights: What Not.** A fraternal beneficial association with a view of forming a new lodge issued certificates on the life of certain applicants for membership to be delivered when initiated, the initiation fee being paid. Before being initiated into membership and before delivery of the certificate one of the applicants died. Defendant association denied liability on the certificate and offered to return the initiation fee to the beneficiary, which was refused and suit brought thirty-six days after the death of the holder. There was no waiver on the part of the association to insist on initiation as a condition precedent to liability on the certificate.

4. **WAIVER: Validity of: What Necessary.** The right or privilege of waiver must exist in order to constitute a valid waiver.

5. **FRATERNAL ASSOCIATIONS: Tender of Fee for Initiation: When Sufficient.** Where an applicant for membership in a fraternal beneficial association on whose life a certificate had been issued but not delivered died before his initiation and no administrator was appointed, upon refusal of the beneficiary to accept the initiation fee which had been paid, a tender of same into court is sufficient to relieve the association from liability.

Appeal from Pemiscot County.—*Hon. Frank Kelly,* Judge.

AFFIRMED.

*C. G. Shepard* for appellants.

(1) Defendant by keeping the money paid for insurance by the said Fred C. Porter, after having knowledge of his death, waived all conditions, and things that were to have been done by the said Fred C. Porter, and treated them as having been done, which gave the policy full force and effect, and makes the defendant liable on a suit by the beneficiaries named therein. We think the following cases are on all fours with the case at bar on the question of waiver. Rhodus v. Kansas City Life Ins. Co., 156 Mo. App. 281; Bell v. Missouri State Life Ins. Co., 166 Mo. App. 390; Norman v. United Order of Commercial Travelers of America, 163 Mo. App. 175. (2) The same law of waiver and estoppel applies to fraternal beneficiary societies as apply to old line insurance companies. Edmonds v. Modern Woodmen of America, 125 Mo. App. 214; Weber v. Ancient Order of Pyramids, 104 Mo. App. 729; Zahm v. Loyal Fraternal Union, 154 Mo. App. 70; Andre v. Modern Woodmen of America, 102 Mo. App. 377. (3) Under the law of Missouri where a party dies without owing any debts and administration is not necessary, neither is it necessary to have an order from the probate court dispensing with the administration in order to make the heirs entitled to re-

ceive money due the estate of the deceased. Griessel v. Jones, 123 Mo. App. 54; Richardson v. Cole, 160 Mo. 372; McDowell v. Orphan School, 87 Mo. App. 395; McCracken v. McCaslin, 50 Mo. App. 85; State to use of Kelley v. Thorton et al., 56 Mo. 326; State ex rel. Midgett v. Watson, 44 Mo. 306. (4) Waiver can be shown in cases of this kind without pleading it. Andrus v. Fidelity Mutual Life Ins. Co., 168 Mo. 166; James v. Mutual Reserve Fund Life Assn., 148 Mo. 1.

*S. W. Dixon* and *Ward & Collins* for respondent.

(1) The contract which plaintiffs ask to have specifically performed required applicant to be initiated and applicant agrees to that in writing. The assured in a benefit certificate is presumed to know the by-laws of the society and he must comply with those laws as to membership and initiation before a liability is incurred. Shartel v. M. B. A., 139 Mo. App. 433; Loyd v. M. W. A., 113 Mo. App. 20; Hiatt v. Fraternal Home, 99 Mo. App. 105; McGregor v. Life Ins. Co., 136 S. W. 889; Matkin v. K. of H., 18 S. W. 206 (Tex). (2) Where a ceremony of initiation is required by the laws of the society, a person, though duly elected, is not entitled to benefits unless regularly initiated. Matkin v. Sup. Ldg. K. of H., 82 Tex. 301, 18 S. W. 306; Hiatt v. Frat. Home, supra; Young v. Ry. Mail Association, 126 Mo. App. 325. (3) This court cannot decree specific performance of the contract sued upon, because plaintiff was never initiated, and that is one of the requirements of the contract (application and by-laws) which plaintiffs sued upon. The assured in a benefit certificate is conclusively presumed to know the by-laws of the society, and he must comply with its by-laws as to membership and initiation before liability is incurred. Burchard v. W. C. T. Ass'n, 139 Mo. App. 621; Shartle v. M. B. A., 139 Mo. App. 433;

Loyd v. M. W. A., 113 Mo. App. 29; Hiatt v. Frat. Home, 79 Mo. App. 115. (4) The doctrine of waiver does not help plaintiffs in this case. Rhodus v. Ins. Co., 156 Mo. App. 281; Norman v. Order of U. C. T., 145 S. W. 853; Shartle v. M. B. A., 139 Mo. App. 433; Boyce v. Royal Circle, 99 Mo. App. 349.

FARRINGTON, J.—In this case the trial court rendered a judgment against the plaintiffs and they have appealed.

The facts of the case are as follows: The defendant is a legally organized fraternal beneficiary association under the laws of Illinois and is duly authorized to do business as such under the laws of Missouri relating to such insurance companies as set forth in Article 9, Chapter 61, Revised Statutes 1909. In November, 1910, the defendant order, contemplating the organization of a local camp at Hayti in this State, took the application of one Fred C. Porter with a view of issuing a beneficiary certificate on his life making the amount in the certificate ($1000) payable to the plaintiffs herein. The state manager who had charge of the organization of the local lodge and who took this application in Hayti received from the said Fred C. Porter on November 30, 1910, the sum of $1.85 as registry fee and assessment for one month, sending the same, together with the application to the home office. The rules of the association required that there must be as many as ten or fifteen applicants in order that a charter be issued to a local camp. On December 17, 1910, there was a certificate prepared in accordance with Fred C. Porter's application, and, with about eighteen others, it was forwarded to the state manager at Hayti, reaching there on about December 19th. Under the laws of the association at that time the beneficiary certificate could not be delivered until the applicant had been initiated into the local assembly and had receipted the local clerk for the certificate,

nor was the applicant entitled to such certificate unless he was in good health at the time of his initiation and the delivery of the certificate. This being a new lodge, no certificate under the laws of the association could be delivered until such local lodge was organized, its members initiated, and its officers elected, and none of the eighteen certificates were in fact delivered until such requirements had been met. The lodge at Hayti was organized, the members initiated, and the certificates issued on December 26, 1910. Fred C. Porter became ill on December 20th or 21st and died on the 25th. The fact of his death was known at the time by the state manager. His certificate was never delivered but was returned to the headquarters of the association which subsequently refused to pay the amount named in the certificate and retained the $1.85 paid.

On January 30, 1911, the plaintiffs brought this action. The defendant order answered denying liability on such certificate and setting up the facts we have detailed under several different defenses and tendering the $1.85 into court.

Plaintiffs introduced in evidence a letter written by their attorney five days after the death of Fred C. Porter demanding payment of the $1000, in which it was stated that although the policy had been in the agent's hands at Hayti several days prior to the death of Fred C. Porter, on Friday, which was two or three days preceding his death, a demand was made upon the agent for the delivery of the certificate and that he refused to deliver the same on the ground that the assured was then ill. There is also evidence in the record that shortly after the death occurred, the amount which had been paid by Fred C. Porter was offered to one of the plaintiffs, William A. Porter, and that he refused to accept the same claiming that the certificate was in full force. The evidence also shows that all the candidates for initiation were notified that the installation would occur on December 26, 1910,

except Fred C. Porter, who was not so notified because he was ill.

We quote from appellants' brief the ground on which they hope to hold the defendant association liable on the certificate: "Plaintiffs admit that the conditions of the certificate, the application, rules, regulations and by-laws of the defendant were not complied with by Fred C. Porter; and that had defendant upon learning of the death of the said Fred C. Porter, returned to plaintiffs herein, or offered to return the money so paid by the said Fred C. Porter for insurance, then they would have no cause of action against the defendant, and the judgment should be for the defendant, but plaintiffs claim that it was the duty of defendant to act in reasonable time after receiving knowledge of the death of said Fred C. Porter, and by keeping the money paid by the said Fred C. Porter for one month's insurance with full knowledge of the death of the said Porter, it elected to treat the insurance as in force, and cannot when called upon to make good on the certificate of insurance say it kept the money wrongfully and therefore is not bound."

There can be no recovery in this action, the reason being that the applicant, Fred C. Porter, never became a *member* of the defendant association. He was never initiated into the local lodge or received the secret or ritual work that is contemplated before one can have the benefits of a certificate.

Section 7109, Revised Statutes 1909, which was then in force, governed this case, and provided that such an association is carried on for the "sole benefit of its members." The only source of revenue is the assessments paid by *members*. The payment of benefits must be to those sustaining certain relations to *members*. It is imperative that each association doing business under this law have a lodge system with ritualistic form of work and representaive form of government. The whole scheme of such an association

contemplates a course of dealing in regard to levying assessments and paying benefits only among *members.* Regular initiation is the birth of a member. Until such event occurs, the association is dealing with an outsider, a nonmember, and an assessment paid by such a person or a benefit paid to him is a course of dealing beyond the power given by law to such associations. It is a condition precedent that is necessary to give life to the beneficiary certificate. The following cases hold that there must be an initiation to create liability. [Shartle v. Modern Brotherhood, 139 Mo. App. 433, 122 S. W. 1139; Sloan v. Loyal Fraternal Home Ass'n, 139 Mo. App. 443, 123 S. W. 57; Hiatt v. The Fraternal Home, 99 Mo. App. 105, 72 S. W. 463; Loyd v. Modern Woodmen, 113 Mo. App. 19, 87 S. W. 530; Matkin v. Supreme Lodge Knights of Honor (Tex.), 18 S. W. 306; Bacon on Benefit Societies and Life Insurance, Vol. 1, Sec. 63a, page 122, Sec. 137, page 255, Sec. 252, page 540, Sec. 273a, page 666; Taylor v. A. O. U. W., 29 N. Y. Supp. 773; McLendon v. W. O. W., 52 L. R. A. 444.]

Plaintiffs contend, however, that the conduct of the defendant association in keeping the $1.85 and failing to return it from the time its agents knew of the death of Fred C. Porter, until January 30, 1911, when this suit was filed (a little more than a month), amounted to a waiver of the requirement of initiation and made the certificate in force as if it had actually been delivered after initiation.

In the first place they assume a fact that is not borne out by the record. The trial judge rendered a judgment after hearing the whole case and there is evidence that the association through its agents offered to repay the $1.85 soon after the death of the applicant and before any suit was brought. This offer was made to one of the plaintiffs herein and was refused. Although this was controverted by the plaintiff, we

assume that the trial judge who saw and heard the witnesses found the facts correctly.

It is unquestioned that within two or three days after Porter's death defendant's state agent then at that locality denied liability and stated to one of the plaintiffs that the money paid would be refunded. It seems that the money was not forwarded to the home office in Illinois. As soon as the death of Porter was reported to the home office, it directed the certificate of insurance to be returned to it and also directed the state agent to refund this initiation fee of $1.85. As just stated, this agent says he did so. Defendant was denying liability at all times. These plaintiffs, instead of wanting back the money paid the defendant, were apprehensive lest it should be repaid. This suit was instituted thirty-six days after Porter's death. These facts refute any idea of waiver, which must be an intentional relinquishment of a right. [Fulkerson v. Lynn, 64 Mo. App. 649.]

Plaintiffs occupy the anomalous position of trying to make the defendant do something on the theory of waiver which the law would forbid it to do by express contract. No authority is given by the law of the State for such association to contract with one who is not a member of the order. How, then, can it be held to do something by waiver which is contrary to the very law of its existence? The theory of waiver is that there is a valid subsisting contract to be performed. Requiring such an association, by waiver, to do something beyond its powers is like seeking to enforce a performance on the theory of waiver arising out of the acts or conduct of an infant, or married woman during coverture at common law, or person *non compos mentis*. Such waiver is usually considered void. [40 Cyc. 267.] In order to constitute a valid waiver, the right or privilege of waiving must be in existence. There can be no waiver of a lost right. [40

Cyc. 258.]    Yet plaintiffs admit in their statement that no contract existed at the time of the death of the applicant, but contend that the defendant by keeping the $1.85 for the period of time named brought about a waiver.    Waiver of what?    The right to insist on an initiation when the person to be initiated is dead.    No one was lulled or lured into nonaction by defendant's conduct.

Appellants cite the case of Rhodus v. Kansas City Life Ins. Co., 156 Mo. App. 281, 137 S. W. 907, as an authority for their contention.    The company there was not a fraternal beneficiary association, and consequently no initiation was required to make a valid subsisting contract, and the company was held on the theory of waiver by receiving the money after it knew of the death of the assured (which is not the situation here) and retained it with full knowledge of all the facts.    Its agents had done acts recognizing the life of the policy after they knew of the death, and with full knowledge of all conditions the company ratified such recognition by accepting its portion of the first premium.    In that case it will also be noted that there was no further act to be done on the part of the assured except to receive the policy which in fact is an act passive in its nature.    All the conditions to be performed to make the policy in force were to be done by the company.

The same may be said of the case of Bell v. Missouri State Life Insurance Co., 166 Mo. App. 390, 149 S. W. 33, where an agent with power to deliver did in fact turn over the policy although he knew the assured was ill at the time.    The right to have the policy delivered during good health was a condition made for the benefit of the insurer in that case, and it was held that it was waived by a duly authorized agent actually delivering the policy.    In that case the premium was held a great length of time by the company after it knew the facts, and it is shown in the opinion at page 402 that

the judgment was affirmed on the ground that the company ratified its agent's act in delivering the policy.

Another case relied upon by appellants—Norman v. U. C. T., 163 Mo. App. 175, 145 S. W. 853—was against a beneficiary association as in our case, but in that case the applicant had been initiated and nothing remained for him to do except to receive the certificate. The only acts to be done were on the part of the defendant association, and it in fact did issue and deliver the certificate after it knew of the death of the assured, and that fact, as the opinion shows, coupled with a retention of the premium, was held to be conclusive evidence of an acceptance during the life of the assured. The opinion does not hold that the mere retention of the fund is sufficient to bind the association. In that case, certain acts done with reference to one of its regular initiated members were held sufficient to bind the association.

Our case differs from those relied upon by appellants on the question of waiver, *first,* in that in those cases there was nothing to be done by the assured to make the certificate binding whereas in our case he had to become a *member* and take the initiation before the certificate was in force, and *second,* in that in those cases some act of the company or a ratified act of some agent clearly showed that the company treated the insurance as in full force and effect whereas in our case every act of the association and its agents shows that at the time its agents knew the applicant was ill they were refusing to deliver the certificate or in any way admit liability under the certificate.

There was no administration of the estate of Fred C. Porter shown, and the tender into court of the $1.85 by the association was, under the facts of this case, a sufficient offer to return the premium.

It follows from what has been said that the judgment of the trial court finding for the defendant is affirmed. *Robertson, P. J.,* and *Sturgis, J.,* concur.