Holman v. Whiting.

---

## HOLMAN *vs.* WHITING.

1. An endorser who is fully indemnified, or one for whose accommodation the note was drawn and who has received the benefit of it, is not entitled to notice of its non-payment.

2. On a demurrer to evidence the court must assume as true every fact which a jury could, with any propriety according to the evidence, find to be true.

3. A., as attorney, recovered a judgment against E. & R. for $900, but could not obtain satisfaction by legal process. R. proposed to give his individual note with a good endorser, for about $300, in full satisfaction of the judgment. He also afterwards proposed to give his note

for the same amount with W., who was his mother, as endorser, and that A. should assign the judgment to her. A. accepted the latter proposition, and executed an assignment of the judgment to W. The assignment was delivered to R., who thereupon gave his note for the required amount endorsed by W., payable in Bank. A. endorsed the note to H., who brought assumpsit on it against W., and relied on these facts to excuse want of notice. *It was held,*

That the evidence, on demurrer to it, was not sufficient to justify the inference that W. assented to the assignment of the judgment to her, or that she was informed of it.

ERROR to the County Court of Mobile.

HAMILTON, for plaintiff in error.

G. N. STEWART, *contra.*

DARGAN, C. J.—This suit is against the endorser of a note made by Rouse and negotiable and payable at the Bank of Mobile; consequently the defendant's liability is to be ascertained by the law merchant regulating inland bills of exchange. As there was no demand of payment and notice to the endorser of the maker's failure to pay, she was discharged, unless the evidence, which was demurred to, will excuse such omissions. The substance of the evidence may be thus stated : Mr. Adams, as an attorney, recovered a judgment against Ensign & Rouse for near nine hundred dollars, but could not obtain satisfaction by legal process ; Rouse proposed to Adams that he would give his individual note, with a good endorser, for about three hundred dollars, in full satisfaction of the judgment, but afterwards proposed that Adams should execute an assignment of the judgment in favor of Mrs. Whiting, who is the mother of Rouse, and that she would endorse his note for the amount agreed on. This proposition was assented to by Adams, and he having a personal interest in the judgment, as well as being the attorney who recovered it, executed an assignment of the judgment in favor of Mrs. Whiting and delivered it to Rouse, who thereupon delivered the note sued on endorsed by the defendant; but Adams never conversed with Mrs. Whiting, nor was it shown that she ever assented to this assignment of the judgment, or even knew of its existence. Upon this evidence, it is contended that the defendant must be considered as an endorser who is fully indem-

Holman v. Whiting.

nified, or as one for whose accommodation the note was made and endorsed for his own benefit. The rule of law, I admit, is, that an endorser who is fully indemnified, or one for whose benefit the note is made and who endorses it, receiving the proceeds. or benefit of the note, is not entitled to notice of its non-payment; for the whole object and reason of the notice, in such a case, fails. But we are of opinion, that the evidence would not, with the least degree of propriety, justify the jury in drawing the inference, either that the defendant was indemnified, or that the note was made and endorsed for her accommodation. The only act she did in person was to endorse her name on the note of Rouse. This, within itself, would show her to be a common endorser and entitled to notice of non-payment; and there is no evidence whatever that she ever assented to the assignment of the judgment to her, or that she knew of the existence of such assignment. There was consequently no evidence, from which the jury, with any propriety, could have drawn an inference that would have bound the defendant to the payment of the note. It is said, and I think correctly, that upon a demurrer to evidence, the court must assume as true every fact that a jury could with any propriety, according to the evidence, find to be true.—Dickey v. Schreider, 3 S. & R. 413; Carson v. The State Bank, 4 Ala. 148. This is the extent to which this rule has been carried, and before the court could assume the fact as true, there should be at least some propriety in the verdict of a jury finding it so; but if the jury could not legally or reasonably draw the inference that the fact was true from the evidence, then the court cannot assume the fact to be true. We cannot perceive how a jury could have found that Mrs. Whiting ever assented to the assignment of the judgment to her, or even that she ever knew of its existence, for there is no proof of either of these facts; consequently we cannot assume that she was indemnified, or that the note was made and endorsed for her accommodation. She must, therefore, be considered as a common endorser and entitled to notice of the dishonor of the note. Let the judgment be affirmed.