OTTO S. HIRSCH, Respondent, v. UNITED STATES GRAND
LODGE OF THE ORDER BRITH ABRAHAM, Appellant.

St. Louis Court of Appeals, January 24, 1899.

1.  Fraternal-Benevolent Association: PRACTICE, TRIAL. In
    the case at bar, there can be no question that under the certificate,
    which contained an unconditional promise to pay, and the admis-
    sion of the defendant that plaintiff was entitled *prima facie* to a
    judgment; hence, the trial court correctly refused to direct the jury
    to find for the defendant.

2.  Practice, Appellate : VERDICT OF JURY. It is only when the
    record is against all of the reasonable probabilities, the entire evi-
    dence being considered, that an appellate court is authorized to
    conclude that the finding was the result of mistake, passion or
    prejudice.

*Appeal from the St. Louis City Circuit Court.*—HON.
JACOB KLEIN, Judge.

AFFIRMED.

THEODORE RASSIEUR for respondent.

A peremptory instruction to find for defendant can not
be given where the plaintiff's case is supported by substan-
tial evidence.   Woods v. Ins. Co., 50 Mo. 112, 116; Kenney
v. Railroad, 80 Mo. 573; Wolff v. Campbell, 110 Mo. 114,
120; Schroeder v. Railroad, 108 Mo. 321, 326; Gibson v.
Zimmermann, 27 Mo. App. 90; Boone v. Railroad, 20 Mo.
App. 232.   Where the constitution of a corporation or be-
nevolent order provides that an amendment can only be
adopted by the vote of least two thirds of the members pres-
ent, a mere majority can not adopt such amendment. Stock-
dale v. School District, 47 Mich. 226.

H. A. Loevy for appellant.

Where the evidence is such that the court would be war-
ranted in granting a new trial because in its opinion the ver-
dict is for the wrong party, it should give a peremptory in-
struction. It is not only its right but its duty to do so.
Hardin case, 83 Mo. 175; Powell case, 76 Mo. 80; Landis
case, 77 Mo. 554. "If, then, the trial court committed an
error in submitting the case to the jury upon the facts as
shown, has it erred in setting aside the verdict of the jury as
rendered? This court has always held that it is a high and
imperative duty * * * that the trial courts should
never hesitate to exercise in the interest of fairness and hon-
esty where verdicts have been brought about through bias,
prejudice or partiality, miscalculation upon, or misunder-
standing of the testimony, to grant new trials that injustice
may be prevented and a literal *veredictum* be recorded."
* * * If the verdict was the result of either passion,
prejudice or partiality, or the jury have shrunk from decid-
ing the issues submitted to them, the court should interfere."
Lee v. Knapp, 137 Mo. 392. "If the evidence be such as
to warrant the trial court in setting aside a verdict for the
plaintiff as being unsupported by the evidence, it may prop-
erly sustain a demurrer to the evidence." Mexico v. Jones, 27
Mo. App. 534. "The rule is now established that it is the
function and duty of a trial court to direct a verdict in all
cases where it would have been warranted in setting aside a
verdict for the adverse party. Thompson on Trials, sec.
2250; 69 Mo. 469; 76 Mo. 80; 76 Mo. 86; 77 Mo. 554; 83
Mo. 175; 107 Mo. 653; 115 Mo. 588, 595; 110 Mo. 114;
Barton v. Sitlington, 128 Mo. 167. "When the evidence is
of that character that the trial judge would have a plain duty
to perform in setting aside the verdict as unsupported by the
evidence, it is his duty and prerogative to interfere before

submission to the jury and direct a verdict for the defendant." Jackson v. Hardin, 83 Mo. 175; Powell v. Railroad, 76 Mo. 80; Reichenbach v. Ellerbe, 115 Mo. 595; Hite v. Railway, 130 Mo. 141. "The verdict (in the teeth of the court's instruction and the evidence) must have been the fruit of an unreasoning sympathy by the jury for the bereaved widow. Such a verdict can be accounted for only on the ground of ignorance, partiality, prejudice or passion, and under the repeated rulings of this court, can not be permitted to stand." 107 Mo. 334; 96 Mo. 186; 94 Mo. 207; 92 Mo. 120; 87 Mo. 74. Entries in the minutes made by officers of corporations are presumed to be true. 1 Beach, Priv. Corp., sec. 295, p. 487; Niblack, Ben. Soc., p. 95, sec. 46; Chase v. Tuttle, 55 Conn. 455; Van Frank case, 158 Ill. 565, reviewing all the cases. The presumption *omnia rita,* etc., applies in favor of the regularity and record of corporate meetings. 2 Beach, Priv. Corp., sec. 295, p. 487, and cases cited, note 4. It was for the court to say whether the word "majority" appearing in the minutes as a component of the contract, from the evidence, meant merely a bare majority or a two third vote, or a sufficient number of votes. Whether assessments were made according to the constitution and by-laws of a benefit society, is a question of law, which, being by a court left to a decision of the jury, constitutes error. Bagley v. A. O. U. W., 131 Ind. 498. Whether a sum stipulated is a penalty or liquidated damage, is for the court, not the jury. Marsh case, 103 Pa. St. 335. The rule extends to the correct reading of the words as well as their meaning. Doyle case, 30 Mich. 159. Where the ambiguity is in the words of the writing, the court must determine the meaning. Morrell case, 3 M. & W. 402. Whether the amendment was properly adopted is a question of law for the court, not of fact for the jury. 19 Am. and Eng. Ency. of Law, 634; Ib. 639, citing 12 Mo. App. 25; Searcy case, 39 Mo. App. 407; Golden case, 54 Mo. App.

100. "The rule that members are bound to take notice of by-laws, applies, although it is required by statute that all conditions of the policy shall be printed on its face." Com. v. Ins. Co., 112 Mass. 116. Even in case of fraud by its officers leading plaintiff to suppose that there was no such by-law. Ib. 112 Mass. 116. "A member can not assail an amendment as not adopted where it has been acted upon and enforced." Curtis case, 9 Nev. 335. "A person whose rights in regard to the corporation are derived under its by-laws can not claim rights inconsistent with the by-laws on the theory that they are void." College case, 5 Burr. 2761.

BIGGS, J.—There was a judgment for the plaintiff in this case. It is the contention of the defendant on this appeal that the circuit court committed error in refusing to direct a verdict for it. The plaintiff contends that under his evidence and the admissions of defendant he made out a *prima facie* case. If he is right in this the assignment must be overruled. Wood v. Ins. Co., 50 Mo. 112; Kenney v. Railroad, 80 Mo. 573; Wolf v. Campbell, 110 Mo. 114; Hite v. Railroad, 130 Mo. 132; Boone v. Railroad, 20 Mo. App. 232; Herriman v. Railroad, 27 Mo. App. loc. cit. 443; Gibson v. Zimmerman, 27 Mo. App. 90. The law is thus stated by Judge Philips in the Boone case: "When the plaintiff has made out a *prima facie* case, although the defendant may introduce evidence which entirely overthrows and disproves the *prima facie.* case of the plaintiff, the trial court can not say as a matter of law that it is so overthrown, and direct a verdict for the defendant. The credibility of the witnesses and the weight of the evidence are peculiarly matters for the jury. The plaintiff is entitled to have the judgment of the jury on the credibility of the witnesses produced by defendant, and the value of their testimony." Hence in disposing of the assignment we need only inquire if the plaintiff's evidence made a *prima facie* case, for if so.

it can make no difference to what extent his case may have been disproved.

The plaintiff is a member of the defendant order, which is a benevolent society with an insurance feature. By the terms of the benefit certificate issued to plaintiff the defendant agreed to pay him $500 upon the death of his wife, provided he was at the time of her death a member of the society in good standing. The defendant refused to pay the money, and the plaintiff brought this suit to recover it. The defense is that under an amendment to the constitution of the society, which defendant claims was adopted in 1888, the plaintiff was not entitled to the money for the reason that he had not been a member of the order for six months next prior to the death of his wife. The plaintiff denied that such an amendment had been adopted. At the trial the plaintiff read in evidence the certificate, which contained an unconditional promise to pay upon the death of plaintiff's wife. The defendant admitted that the plaintiff was then and at all times had been a member of the order in good standing, and it also admitted the death of plaintiff's wife, and that plaintiff had furnished proofs of her death as required by the laws of the society. Thereupon plaintiff rested his case. There can be no question that under the certificate and admission of the defendant, the plaintiff was entitled *prima facie* to a judgment. The certificate contained an unconditional promise to pay. It is useless, as we have said, to discuss in this connection the oral evidence in support of the passage of the alleged constitutional amendment, which amendment if it had been adopted had the effect of making this promise a conditional one. It suffices to say that the record of the Grand Lodge, concerning the adoption of the amendment failed to show that it was adopted by the requisite two thirds vote. Hence the record was not, as counsel argues, conclusive evidence against the plaintiff as to the adoption of the amendment. Indeed the record furnishes

no evidence whatever of the controverted fact.    It only re-
cites that the amendment received a *majority* of the votes
cast, whereas the constitution provides that a vote of *two
thirds* is requisite to the adoption of amendments to the or-
ganic law.    Hence we rule that the circuit court was right
in refusing to direct the jury to find for the defendant.

The next assignment is that the verdict of the jury was
the result of passion or prejudice, and that for this reason
the court ought to set aside the judgment.    It would seem
to be logical that the same reasons which prevent a trial court
from directing a verdict for defendant, where the plaintiff
has made a *prima facie* case, ought to operate to prevent an
appellate court from interfering upon the ground, that the
verdict, although in accordance with the *prima facie* show-
ing, was the result of passion or prejudice.    It is only when
the record is against all of the reasonable probabilities, the
entire evidence being considered, that an appellate court is
authorized to conclude that the finding was the result of mis-
take, passion or prejudice.    How can such a conclusion be
reached when the finding is in accordance with a *prima facie*
showing ?    In the case at bar the plaintiff offers the certifi-
cate which was issued four years after the vote was taken on
the alleged amendment.    The certificate makes no mention
of the amendment and contains no limitation in conformity
to it.    The promise therein is absolute to pay plaintiff $500
at the death of his wife.    It must be borne in mind that the
record of the Grand Lodge does not show that the amendment
was adopted by a vote of two thirds.    It merely states that it
received a *majority* of the votes cast.    It is obvious that we
would not be warranted in ordering a new trial in this case.
The finding may have been opposed to the weight of the evi-
dence, but with that we have no concern.    The circuit court
was of that opinion and granted one new trial on that ground.
The defendant is concluded by the second verdict.

There are other questions presented in the briefs, but

they are matters of no consequence.   Under the pleadings and evidence there was a single question of fact upon which the entire case hinged, that is whether the alleged amendment had been adopted by the requisite vote.   This issue was properly submitted by the instructions.   The verdict was against the defendant, and the judgment thereon ought to be affirmed.   It is so ordered.   All concur.