(77 App. Div. 215.)

### ROBINSON v. SUPREME COMMANDERY, UNITED ORDER OF THE GOLDEN CROSS OF THE WORLD.

(Supreme Court, Appellate Division, First Department.   December 5, 1902.)

1. BENEFICIARY CERTIFICATE—ACTION—PRIMA FACIE CASE.

A complaint on a beneficiary certificate set out the incorporation of defendant, the election of decedent as a member, his death, that the "benefit fund reached the sum of $2,000 (the amount of the certificate), or would have reached said sum if said assessment had been called," demand and refusal of payment, etc. The answer admitted all the allegations of the complaint except that relating to decedent's death. On the trial plaintiff proved the death and presentation of proofs thereof. *Held* to make a prima facie case.

2. SAME—MISREPRESENTATIONS IN APPLICATION—EFFECT.

An application for a beneficiary certificate recited that the questions and answers contained therein were a part of the contract of insurance. In answer to the questions, "Is there now any insurance on your life?" and, "If so, in what company?" applicant answered, "Yes," and named one company. He was at the time also insured in another company for $158. A clause in the application recited that, if there were in any of the answers any untrue or evasive statements or concealment of facts, then all claims on the benefit fund should be forfeited. *Held* not a breach of warranty, and not ground for avoiding the certificate in the absence of fraud.

3. DEATH CERTIFICATE—ADMISSIBILITY IN EVIDENCE.

Code Civ. Proc. § 834, provides that physicians shall not be allowed to disclose information acquired in attending a patient in a professional capacity. Section 955 declares that all maps, surveys, and official records on file in any of the departments of the city of New York, the health department included, "shall be presumptive evidence of their contents, and shall be receivable in evidence in any of the courts of the state in any controversy pending therein between any parties." *Held* not the legislative intent to make death certificates competent as evidence in actions between private parties.

Appeal from trial term, New York county.

Action by Margaret Robinson against the Supreme Commandery, United Order of the Golden Cross of the World. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

See 77 N. Y. Supp. 111.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Alfred B. Cruikshank, for appellant.

Charles Blandy, for respondent.

LAUGHLIN, J. The action is upon a beneficiary certificate issued by the defendant to William S. Robinson for the benefit of his mother, the plaintiff. The first ground upon which the appellant contends that it is not liable is that the complaint fails to state, and the evidence fails to establish, a cause of action against it. The precise contention of the appellant is that neither the complaint nor the evidence shows that the appellant is an assessment beneficiary order, that the decedent was a member thereof, or that there is any fund for the payment of the claim. It is alleged in the complaint that the appellant is a corporation duly organized under the laws of the state of Tennessee; that the decedent was duly elected and admitted as a member of the New Amsterdam Commandery, United Order of the Golden Cross, located in New York, N. Y.; that subsequently thereto the defendant executed and delivered to the decedent a benefit certificate, which recited his election and admission to membership in said commandery; that he was "a contributor to the junior order class benefit fund of this order"; that his application for membership and the statements certified by him to the medical examiner were on file in the office of the supreme keeper of records, and were made a part of the contract; and that it was issued upon condition that he comply "in the future with the laws, rules, and regulations now governing said commandery and fund, or that may hereafter be enacted by the supreme commandery to govern said commandery and fund." The certificate further recited that:

"These conditions being complied with, the Supreme Commandery, United Order of the Golden Cross [being the defendant], hereby promises and binds itself to pay out of its junior class benefit fund to Margaret Robinson, in accordance with and under the provisions of the law governing said benefit fund, and upon satisfactory evidence of the death of said member, and upon the surrender of this certificate, the sum of $2,000: provided, the said benefit fund of said class reaches the sum of $2,000 at the assessment called in payment of this certificate; and, if said assessment shall not reach the said sum of $2,000, there shall be paid on said certificate all or a proportionate part of the fund received from the then membership in one assessment: and further provided, that said member is in good standing in this order at the time of his death; that this certificate shall not have been surrendered by said member, and another certificate issued at his request, in accordance with the laws of this order: and provided, also, that the suspension, disconnection, or expulsion of said member shall work an immediate forfeiture of all claims of said member on the benefit fund of the order; also the forfeiture of the claims of the beneficiaries named in this certificate."

The complaint duly alleges the acceptance of the certificate in writing upon the conditions therein named, the death of the member while in good standing before the surrender of the certificate or change of beneficiary, and "that the junior class benefit fund reached the sum of $2,000 at the assessment called in payment of said certificate, or would have reached said sum if said assessment had been called," and that payment has been duly demanded and refused. The answer admits all of these allegations of the complaint, except that the defendant denies that it has any knowledge or information sufficient to form a belief concerning the death of the member; but it admits the receipt of papers purporting to be proofs

of his death. Upon the trial the plaintiff proved the death of the member and the presentation of the proofs of death.

The facts thus admitted and proved clearly made out a prima facie case of liability on the part of the defendant. In view of the allegations of the complaint which are admitted, it appears either that the fund out of which the claim was payable was sufficient for the purpose, or that it was insufficient through the omission of the defendant to levy an assessment. The appellant did not contest the claim on the ground of its inability to pay, but on account of alleged false representations on the part of the member in his application.

The next point to be considered relates to the defense based upon alleged misrepresentations of the decedent in his application for membership. It was recited in the application that the questions and answers contained therein were to form a part of the contract in case a benefit certificate was issued. The following questions and answers appear therein: "5. (a) Is there now any insurance on your life?" "Yes." "(b) If so, in what company, and for what amount?" "Temples O. of Liberty, $1,000." It was shown that the decedent was at that time insured in the Prudential Insurance Company of Newark, N. J., for the sum of $158. At the end of the questions and answers, and before the signatures of the decedent, there was a printed clause to the effect that the member agreed "that, if there be in any of the answers herein made any untrue or evasive statements, misrepresentations, or concealment of facts, * * * then all claims on the benefit fund * * * shall be forfeited and lost by me." It is not claimed that the decedent made any express misrepresentations, but it is contended that his answer did not disclose all of the truth, and was, therefore, evasive, and constituted a misrepresentation or concealment of fact as to his insurance in the Prudential Company. The rule is well settled that warranties of this character are strictly construed against the insurance company or order. It will be observed that the language of the question is in the singular, and it may well be that the applicant would understand thereby that the commandery merely desired him to specify one other organization or company in which he was insured. If he intentionally suppressed the truth, the contract might be avoided on the ground of fraud, but it would not constitute a breach of warranty. Dilleber v. Insurance Co., 69 N. Y. 256, 25 Am. Rep. 182.

At the close of the evidence both parties moved for a direction of a verdict, and neither requested to go to the jury upon any question. The court directed a verdict in favor of the plaintiff for $2,000 and interest. The parties thus, by consent, permitted the court to pass upon any question of fact there might be in the case. It cannot be said that there was a fraudulent concealment of facts as matter of law, and a finding that there was no fraudulent concealment would be supported by evidence. The decedent died of consumption. In his application, in answer to a question, he stated that his father died of pneumonia; and the appellant, contending that the father also died of consumption, sets up a breach of warranty in this regard. Upon the trial the appellant offered in evidence a certificate of the death of the deceased

member's father, made by the attending physician, and duly filed with the health department of the city of New York, as required by law. This certificate recited that the cause of death was consumption. The evidence was excluded, and the defendant excepted. The physician who made the certificate was called as a witness, and the appellant offered to prove the cause of death by him. This was excluded, and it is not claimed that its exclusion was error. It is well settled that such evidence is incompetent under section 834 of the Code of Civil Procedure, and that the incompetency of the physician as a witness ordinarily renders the certificate of death also inadmissible. Davis v. Supreme Lodge, 165 N. Y. 159, 58 N. E. 891. The policy of the law as disclosed by this general provision of the Code, to exclude evidence of this character, has influenced the courts, in all instances where the question has arisen, to decide that local laws declaring such certificates evidence should not be so construed as to make them competent in actions between private parties. Davis v. Supreme Lodge, supra; Buffalo Loan, Trust & Safe Deposit Co. v. Knights Templar & Masonic Mut. Aid Ass'n, 126 N. Y. 450, 27 N. E. 942, 22 Am. St. Rep. 839. The appellant bases its claim to the admissibility of this evidence upon section 955 of the Code of Civil Procedure, which provides as follows:

"All maps, surveys and official records, which shall have been on record or on file in the office of either the register of the city and county of New York, or the surrogate of said city, or any of the courts of record of said city, or the clerk of the city and county of New York, or any of the departments of said city as enumerated in section thirty-four of the New York City consolidation act (chapter four hundred and ten, Laws of eighteen hundred and eighty-two), or in the office of the registers, surrogates, commissioners of public works, or kindred department or park department of a period of twenty years or upwards prior to such trial, shall be presumptive evidence of their contents and shall be receivable in evidence as such uvon any trial in any of the courts of this state in any controversy pending therein, between any parties."

The former provisions of section 955 of the Code of Civil Procedure were repealed by chapter 416 of the Laws of 1877. The present section was added by chapter 522 of the Laws of 1892. The health department is one of the departments enumerated in the statute referred to in this section of the Code, and there can be no doubt but that certificates of death are "official records" on file in that department. If that section is to be construed literally, it would seem, therefore, that the certificate should have been received in evidence. It is urged by the appellant that the reason for the exclusion of a death certificate made evidence by local laws no longer obtains. It is contended that the incorporation of these provisions in the Code shows a legislative intent that the "maps, surveys, and official records" to which reference is made shall be received in evidence, and be presumptive evidence of the facts recited therein, in private litigations in any court. It is not apparent that any reason exists why death certificates filed in the city of New York should be received as evidence when similar certificates filed elsewhere throughout the state pursuant to similar laws and for the same purposes are incompetent as evidence in litigations between private parties. Rules of evidence should be uniform, and it has not been the policy of the lawmakers in the past to depart

from this rule.   No reason for a change of policy in this regard exists now.   It would, therefore, seem that this section of the Code should be construed in harmony with section 834, and not as a repeal of the latter as to evidence in a particular county of the state.   Full force and effect may be given to the legislative intent in enacting the present section 955 of the Code without ascribing to the legislature an intention to render death certificates competent evidence of the facts recited in actions between individuals where common-law evidence of such facts has been heretofore required.   The main purpose seems to have been to remove the difficulty of proving the accuracy of all maps, surveys, and official records which have been on file and accepted as correct for more than 20 years in the transaction of official business. It must be presumed that the members of the legislature at the time of the enactment of this new provision in this section were aware of the decisions of the court against the admissibility in evidence in actions between private parties of death certificates filed pursuant to local laws.   If the legislature had intended to change this rule of evidence, we think it would have prescribed that such certificates would be admissible from official files in any county; and if, on the theory that there were special reasons justifying it, which are not apparent to us, it had been intended to make them admissible in the county of New York, only definite appropriate language to that end would have been employed.   The certificate was, therefore, properly excluded.

It follows that the judgment and order should be affirmed, with costs.   All concur.