## 7960. WILSON *v.* GRAND LODGE BROTHERS AND SISTERS OF LOVE.

The objection to the introduction of the original insurance certificate as evidence is without merit, and the evidence authorized the verdict. There was no error in overruling the certiorari and refusing a new trial.

DECIDED MARCH 20, 1917.

Certiorari; from Morgan superior court—Judge Park. November 6, 1916.

*M. C. Few,* for plaintiff. *Williford & Lambert,* for defendant.

GEORGE, J. Wilson brought suit in a justice court against the Grand Lodge Brothers and Sisters of Love, a mutual benefit association, upon a certificate of life insurance, and claimed that he was entitled to the benefit of the certificate. The certificate was originally issued to Isabella Tripp and was payable "to Maria Tripp, the legal beneficiary of Isabella Tripp." The plaintiff and Isabella Tripp were married in January, 1915, and she died in the following May. When they married she was a member of the local lodge of Brothers and Sisters of Love, located at Shady Dale, Georgia. She held a certificate of insurance issued by the defendant, payable as hereinbefore stated, and that certificate was surrendered to the association, on its request, and a new certificate was to be issued. The old certificate was recalled by the association for the sole purpose of having a by-law of the Grand Lodge printed on it, and no other change was to be made. The new certificate was returned to the secretary of the local lodge, in accordance with the custom of the Grand Lodge, with the beneficiary left blank. The plaintiff testified that the insured had the right to direct the secretary of the local lodge to insert in the certificate the name of any beneficiary named by her, and that on the return of the new certificate his wife saw the president of the local lodge and directed that the plaintiff's name be inserted as beneficiary in the certificate. It was admitted by the defendant that the insured had the right to have the secretary of the local lodge insert the name of the beneficiary in the certificate at her direction; but the president of the local lodge, in his evidence, denied that the insured saw him and directed that the name of the plaintiff be inserted as the beneficiary in the certificate. On the contrary, he testified that the certificate was delivered by him to a friend of the insured, at her direction, with a blank left for the name of the beneficiary. This occurred just before her death. After her death the plaintiff obtained the certificate, and when the president again saw the certificate it had the name of the plaintiff inserted as beneficiary. The plaintiff testified that he did not know who caused his name to be inserted in the certificate.

Section 9 of the by-laws of the defendant was introduced in

evidence, and is as follows: "Each member is required to have the name of their legal beneficiary written plainly on their policy, and in case they fail to do so it is left to the Supreme Grand President, after hearing the evidence in the case, to choose the beneficiary." It was admitted by both parties that the original policy, recalled by the company, was payable to the sister of the insured, Maria, and Maria Tripp testified that she and her sister were both members of the local lodge, at Shady Dale, and that by agreement between them when they joined the local lodge, each was made the beneficiary in the certificate of insurance issued to the other. Both the policies issued to Maria and Isabella Tripp were recalled by the company for the sole purpose hereinbefore stated, and at the time of the death of the sister who was the wife of the plaintiff, the new certificates were in blank as to the names of the beneficiaries. After her death the Supreme Grand President, in order to determine to whom the benefit provided for in the certificate should be paid, heard evidence in the case, as provided in section 9 of the by-laws, and determined that the benefit was payable to Maria Tripp. Upon the trial of the case the plaintiff himself introduced the original certificate of insurance, for the sole purpose of showing the practice of the defendant to allow the insured to insert, through the secretary of the local lodge, the name of the chosen beneficiary. The defendant offered this original certificate for all purposes, and the plaintiff complains that the court erred in allowing it in evidence when offered by the defendant, for the reason that it appeared that it had been surrendered to and cancelled by the defendant. The evidence for the defendant further showed that the new certificate had to be accepted by the insured, and that the insured did not accept it. It is insisted by the plaintiff that the certificate in force at the time of the death of his wife was payable to her legal beneficiary, but it does not appear that the husband was the legal beneficiary of the insured. The evidence does not disclose whether the insured died testate or intestate, nor whether she left surviving her a child or children. It is contended by the plaintiff that the wife intended to name him as the beneficiary in the policy, and so instructed the president of the local lodge. This was disputed by the defendant, and the evidence was in sharp conflict. The evidence on this issue seems to preponderate in favor of the contentions of the defendant. The

jury found in favor of the defendant. The plaintiff presented his petition for certiorari to the judge of the superior court and the certiorari was duly sanctioned. The magistrate answered, setting out substantially the foregoing facts. On the plaintiff's petition and the answer of the magistrate the court determined the issues against the plaintiff, and he excepted.

There was no error in admitting in evidence the original certificate of insurance; and the evidence authorized the jury to find against the plaintiff. The case is largely controlled by *Smith* v. *Locomotive Engineers Mutual Life &c. Asso.*, 138 *Ga.* 717 (76 S. E. 44). The judge did not err in overruling the certiorari and in denying plaintiff a new trial.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*