(85 South. 762)

**SOVEREIGN CAMP, W. O. W., v. BURRELL.**
(6 Div. 33.)

(Supreme Court of Alabama. April 22, 1920.)

**1. Insurance ⬤817(1) — Benefit certificate with proof of death of member in good standing casts burden of proof on defendant.**

In action on death benefit certificate, the certificate, together with evidence that the member has died and was in good standing at time of death, establishes a prima facie case, and if the society relies on provisions of the constitution and by-laws not indorsed on the certificate, it has the burden of proving such provisions.

**2. Corporations ⬤455—When sealed instrument itself evidence of due execution by corporation.**

Generally, when an instrument on its face and in the testimonial clause purports to be the act of the corporation and to be executed by its duly authorized officers or agents, and is attested by the corporate seal, the instrument is evidence of its due execution by the corporation.

**3. Insurance ⬤819(1) — Evidence held to meet burden placed on plaintiff by non est factum plea.**

In action on death benefit certificate, plaintiff's evidence that the signatures of officers of the society were affixed to the certificate in the manner usually adopted by the society in executing such certificates, and that it was attested by the corporate seal, held to meet the burden placed upon her by plea of non est factum, so as to permit introduction of certificate in evidence and to shift to the society the burden of showing that the signatures of the officers of the local camp were essential to the due execution of the certificate.

**4. Insurance ⬤819(1)—Certificate prima facie evidence that insured was member in good standing at death.**

Beneficiary's certificate is prima facie evidence that person to whom it was issued was a member of the society in good standing at the time of his death.

**5. Insurance ⬤817(1)—Certificate and proof of death places burden on society of proving nonmembership.**

Death benefit certificate and proof of death, reciting that person to whom it had been issued had joined the subordinate lodge by adoption, was sufficient to cast on the society the burden of proving the averments of its special pleas that such person had not been obligated or introduced by the camp or authorized deputy in due form, as required by the certificate.

**6. Trial ⬤156(3)—Evidence accepted as true on demurrer thereto.**

On demurrer to the evidence, the court must take against the party demurring every fact which the evidence proves, or tends to prove, under Code 1907, § 5343.

**7. Appeal and error ⬤1040(7) — Sustaining demurrer to pleas harmless, where defense raised by other pleas.**

Sustaining of demurrers to pleas was harmless, where the defense sought to be pleaded by such pleas was set up by other pleas, without imposing on defendant a greater burden of proof.

Appeal from Circuit Court, Jefferson County; H. A. Sharpe, Judge.

Action by Mrs. Mattie Burrell against the Sovereign Camp, Woodmen of the World, upon a benefit insurance ticket issued to Jesse R. Burrell. Judgment for plaintiff, and defendant appeals. Affirmed.

⸻

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

C. H. Roquemore, of Montgomery, for appellant.

It is fundamental that the certificate did not go into effect until the applicant perfected his membership. 29 Cyc. 28. In order to perfect membership, an applicant must be initiated or obligated as required by the laws of the society. 81 Ark. 512, 99 S. W. 834; 99 Mo. App. 105, 72 S. W. 463; 76 Neb. 562, 107 N. W. 795; 82 Tex. 301, 18 S. W. 306, 27 Am. St. Rep. 886; 180 Mo. App. 538, 167 S. W. 578; 142 S. W. 641; 168 Iowa, 579, 150 N. W. 714, Ann. Cas. 1917B, 373; 186 Mo. App. 445, 171 S. W. 629. Delivery of certificate by an officer of the local lodge does not excuse failure to be initiated. 175 Mich. 684, 141 N. W. 589.

Beddow & Oberdorfer, of Birmingham, for appellee.

The court carefully prepared a statement of facts, as required by section 5344, Code 1907. Proof of death is some evidence of the facts therein stated. 81 South. 246. By demurrer to the evidence, defendant admits its competency, and refers it to the court to determine its legal sufficiency. 5 Ala. 376; 2 Stew. 175; 19 Ala. 703; 28 Ala. 637; 38 Cyc. 1543. There is no proof to show that appellant was not an insurance company. 202 Ala. 520, 81 South. 23; 29 Cyc. 229; 115 Iowa, 450, 88 N. W. 965; 190 Mo: App. 606, 176 S. W. 269; 161 N. W. 125; 179 Mo. App. 608; 162 S. W. 682; 87 Misc. Rep. 327; 149 N. Y. Supp. 862. There was a waiver of a provision of its contract and laws, and defendant was estopped. 160 Ala. 334, 49 South. 354; 29 Cyc. 187, and note; 198 Ala. 332, 73 South. 519, L. R. A. 1917C, 469; 80 South. 84.

BROWN, J. Action by Mattie Burrell, the beneficiary named in the insurance certificate alleged to have been issued to Jesse R. Burrell as a member of "Cherry Camp, No. 1065, located at Adamsville."

The defendant interposed the plea of general issue, a plea of non est factum, pleas setting up a condition indorsed on the certificate that:

"There shall be no liability of the Sovereign Camp, Woodmen of the World, under this certificate until the member named herein shall have paid all entrance fees, one advance assessment, or installment of assessment of Sovereign Camp fund or camp general fund for the month, signed his beneficiary certificate, and the acceptance slip attached thereto, paid the physician's fee for examination, been obligated or introduced by a camp, or authorized deputy in due form and had manually delivered into his hands, in person, this beneficiary certificate while in good health"

—and averring that said Burrell had not been so obligated by a camp or authorized deputy in due form, and therefore had not become a member of said order, together with pleas setting up the provisions of the constitution and by-laws, not indorsed on the beneficiary certificate, requiring the certificate to be signed by the clerk and consul commander of the local camp before its delivery; and averring that the certificate sued on was delivered to Burrell by the camp clerk without the signature of Miller, the consul commander, in violation of the constitution and by-laws of the order.

After the plaintiff had adduced evidence and closed, the defendant interposed a demurrer to the evidence, which was overruled, and judgment rendered for the plaintiff. The defendant (appellant here) now contends that the overruling of the demurrer to the evidence constitutes reversible error.

The plaintiff offered in evidence the certificate of insurance, the foundation of the action, which had been surrendered to the defendant as a part of the proof of death, and produced in court—and by order of the court delivered to the plaintiff on the trial—embodying the following, among other recitals:

"This certificate, issued by authority of the Sovereign Camp of the Woodmen of the World, witnesseth: That Sovereign Jesse R. Burrell a member of Cherry Camp No. 1065 located at Adamsville, state of Alabama, is while in good standing as a member of this society entitled to participate in its beneficiary fund to the amount of $500.00 should his death occur during the first year of his membership, * * * payable at his death to Mattie Burrell, bearing relation to him of mother. * * *

"In witness whereof, the Sovereign Camp of the Woodmen of the World has caused this certificate to be signed by its Sovereign Commander and Sovereign Clerk, and the corporate seal thereof to be impressed, this 15th day of April, A. D. 1918."

Immediately following this last recital appears what is purported to be the signatures of J. T. Yates, "sovereign clerk" and W. A. Frazier, "sovereign commander," and to the left of such signatures the seal. Immediately after such signatures follows the recital:

"He has made all payments required and has been introduced as a member of this camp. Signed, this 22d day of April, A. D. 1918. Peter Sampson, Clerk, Charles R. Miller, Consul Commander."

Then follows:

"I have read the above certificate No. 85859 of the Sovereign Camp of the Woodmen of the World, and the conditions therein and hereby agree to and accept the same as a member of camp No. 1065, State of Alabama, this 22d day of April, 1918, and warrant that I am in good health at this time and that all the requirements of section 58 of the constitution and laws of the society have been complied with.— Jesse R. Burrell. [Member sign here.] [Seal Impression.] Witness: Peter Sampson, Clerk of Camp."

The evidence adduced shows that Yates and Frazier were, respectively, "sovereign clerk" and "sovereign commander" óf the Sovereign Camp, and that the signatures appearing on the certificate were printed facsimiles of their signatures, and placed thereon in the manner usually adopted by the defendant in executing beneficiary certificates, and attested by the corporate seal.

While there was evidence tending to show that the signature purporting to be that of Burrell, to the acceptance on the certificate, was not his signature, and that it was signed by Peter Sampson, yet there was also evidence tending to show that the signature to the acceptance was the genuine signature of Burrell, and also showing that the signatures of Sampson, as clerk, and Miller, as consul commander, were genuine. It was also shown that the seal impression on the certificate opposite the attestation of the signature of Burrell by Sampson, as clerk, was the camp seal.

There was also evidence tending to show that after Burrell had signed the acceptance of the certificate, and his signature had been duly attested by the camp clerk and the camp seal affixed, and after the certificate to the effect that Burrell had made all the payments required, and had been introduced as a member of the camp, had been signed by Peter Sampson, as clerk of the camp—but without the signature of Miller, as consul commander—the certificate was delivered into the hands of Burrell while he was apparently in good health.

The plaintiff also offered in evidence the proof of death, prepared, signed, and verified before a notary, by Charles R. Miller, consul commander, Hugh Hillhouse, banker, and Peter Sampson, clerk, containing the following recital:

"We, Charles R. Miller, consul commander, Hugh Hillhouse, banker, and Peter Sampson, clerk of camp No. 1065, located at Adamsville, county of Jefferson, state of Alabama, being duly sworn, on oath say that Sovereign Jesse R. Burrell, who held certificate No. 85959, and who was at the time of his death a member of this camp, died at Birmingham, county of Jefferson, state of Alabama, on the 27th day of April, 1918, and that the cause of his death is reported to us as pneumonia. The deceased joined this camp by adoption [adoption of transfer] on the 19th day of April, 1918."

The evidence further tended to show that Peter Sampson was the authorized deputy of the defendant to organize the camp at Adamsville, and that it was so organized some months before Burrell's death. Hillhouse, a witness offered by the plaintiff, testified that "the camp [No. 1065] had its regular meetings on Tuesday night of each week, and that it had no special meetings; that the first meeting of the camp after the 19th of April—the date of the issuance of the benefit certificates by the officers of Sover-

eign Camp—was held on April 23d, and that Burrell was not present to be obligated or introduced by the camp"; that he was then at home sick, and that he never recovered from such sickness, but died a few days thereafter, to wit, April 27th; that the benefit certificate was on the desk of the clerk at this meeting, and Miller affixed his signature to the certificate, as consul commander, on the night of April 23, 1918.

The appellant contends that this evidence conclusively shows: (1) That the benefit certificate was not efficaciously executed until the night of April 23d, when Miller signed it as consul commander; and that its delivery to Burrell without the signature of the consul commander was not binding upon the defendant; and (2) that this evidence conclusively shows that Burrell had not been "obligated or introduced" as a member of the order, and was therefore not entitled to participate in the beneficiary fund.

The first contention—that the signature by the consul commander of the camp is essential to a complete execution of the contract by the defendant—is necessarily dependent upon the provisions of the constitution and by-laws of the order, which were not offered in evidence; and, as to this, appellant further contends that, inasmuch as the constitution and by-laws of the order are made by reference, as required by statute (Acts 1911, p. 700, § 8), a part of the contract, it was incumbent on the plaintiff to offer them in evidence to show the entire contract.

[1] The answer to this last-stated contention is that when defendant issues and delivers to a member of the order the beneficiary certificate it places in his hands the obligation that evidences the right of the beneficiary to participate in the beneficiary fund, and when action is brought thereon, and the plaintiff offers the certificate in evidence, and shows that the person to whom the certificate was issued died before the suit was brought, and was at the time of his death a member in good standing, the plaintiff makes out a prima facie case. 29 Cyc. p. 245 (b); Forse v. Supreme Lodge, K. H., 41 Mo. App. 106; Supreme Lodge v. Johnson, 78 Ind. 110; Fisher v. K. L. H., 190 Mo. App. 606, 176 S. W. 269; Supreme Tent v. Stensland, 105 Ill. App. 267; Hirsch v. U. S. Grand Lodge, 78 Mo. App. 358; Robinson v. Supreme Commandery, United Order of Golden Cross of the World, 77 App. Div. 215, 79 N. Y. Supp. 13; Id., 177 N. Y. 564, 69 N. E. 1130; Wilson v. Lodge, 19 Ga. App. 545, 91 S. E. 902; Maloney v. Union, 177 Ill. App. 658. If the defendant relies on the provisions of the constitution and by-laws that are not indorsed on the certificate, the burden is on it to make proof of such provisions.

[2] The general rule of law is that when

an instrument on its face, and in the testimonial clause, purports to be the act of the corporation, and to be executed by its duly authorized officers or agents, and is attested by the corporate seal, this is evidence of its due execution by the corporation. Graham v. Partee, 139 Ala. 310, 35 South. 1016, 101 Am. St. Rep. 32; 7 R. C. L. 137, § 107.

[3] The plaintiff by offering evidence that Yates and Frazier were, respectively, sovereign clerk and sovereign commander of the defendant corporation; that their signatures were affixed to the beneficiary certificate in the manner usually adopted by the defendant in executing such certificates, and attested by the corporate seal—met the burden placed upon her by the defendant's plea of non est factum, so as to permit the introduction of the certificate in evidence; and as to this issue shifted to the defendant the burden of going forward with the evidence and showing, if it could, that the signatures of the officers of the local camp were essential to the due execution of the instrument.

[4] The beneficiary certificate is prima facie evidence that Burrell was a member of the order, in good standing at the time of his death; and the proof of death recites that he had joined the camp "by adoption [adoption of transfer] on the 19th day of April, 1918." 29 Cyc. p. 245 (b); Sovereign Camp, W. O. W., v. Marshall (App.) 81 South. 246.

[5] This evidence casts the burden on the defendant to prove the averments of its special pleas that Burrell had not been so "obligated or introduced by the camp or authorized deputy in due form," and this burden was not carried by the testimony of Hillhouse that Burrell was not present at the meeting of April 23d, and was not initiated into the camp at that meeting. Non constat, he had been introduced by a camp, or duly obligated by an authorized deputy.

[6] On demurrer to the evidence the court must take as true against the party demurring every fact which the evidence proves or tends to prove. Code 1907, § 5343; Carrington v. Caller, 2 Stew. 175; Central R. R., etc., Co. v. Roquemore, 96 Ala. 236, 11 South. 475; Curtis v. Daughdrill, 71 Ala. 590; Holman v. Whiting, 19 Ala. 703; Shaw v. White, 28 Ala. 637; Bates' Adm'r v. Bates, 33 Ala. 102.

Applying this rule to the evidence in the case, it is manifest that the defendant's demurrer to the evidence was properly overruled.

The defendant's demurrer to the original complaint was sustained, and no demurrer appears to have been interposed to the complaint as amended.

[7] Defendant's pleas 5, 5½, 7, and 10, as amended, 11 and 12, comprehended all the defense sought to be pleaded by the pleas to which demurrers were sustained, and without imposing on the defendant a greater burden of proof; therefore the ruling of the court on the demurrers to the pleas, if error, was without injury. Sovereign Camp, W. O. W., v. Jones, 11 Ala. App. 433, 66 South. 834.

Finding no errors in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.